UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VINCENT LOZANO, | Case No. CV 17-8091-DOC (KK) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DENYING <u>RHINES</u> STAY [DKT. 9] |
| ON HABEAS CORPUS, | |
| Respondent. | |

# I.

# **<u>INTRODUCTION</u>**

Petitioner John Vincent Lozano ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition") challenging his 2015 convictions in the Los Angeles County Superior Court for sodomy by force and sodomy by anesthesia. ECF Docket No. ("Dkt.") 1.[1] In response to an Order to Show Cause why the Petition should not be dismissed for failure to exhaust state remedies, Petitioner has requested a stay and abeyance pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("<u>Rhines</u> stay").

---

[1] The Court refers to the pages of the Petition as they are consecutively numbered by the Court's electronic docketing system.

For the reasons set forth below, the Court DENIES Petitioner's request for a Rhines stay.

II.

PROCEDURAL HISTORY

**A.    STATE COURT PROCEEDINGS**

Following a jury trial in California Superior Court for the County of Los Angeles, Petitioner was convicted forcible sodomy and sodomy by anesthesia. Dkt. 1, Pet. at 1; People v. Lozano, No. B262337, 2016 WL 4709889, at *1 (Cal. Ct. App. Sept. 9, 2016), review denied (Dec. 14, 2016).[2] On February 6, 2015, Petitioner was sentenced to a twenty-one year term. Dkt. 1, Pet. at 1.

On March 3, 2015, Petitioner filed a direct appeal in the California Court of Appeal. See Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2 102019&doc_no=B262337&request_token=NiIwLSInLkg9WyBBSCJNUEhIMDg 6USxTJSI%2BSzlSQCAgCg%3D%3D (last updated Jan. 3, 2018, 12:12 PM). Petitioner raised the following seven grounds on appeal: (a) the trial court abused its discretion in refusing to allow Petitioner to present the testimony of an expert witness on memory; (b) trial counsel was ineffective in making the case for admission of expert testimony on memory; (c) trial counsel was ineffective for failing to present a defense of accident; (d) insufficient evidence to support "more than one penetration"; (e) insufficient evidence to support a use of force; (f) cumulative error; and (g) sentencing errors. Dkt. 1, Pet. at 2; Lozano, 2016 WL 4709889, at *4-5. On September 9, 2015, the California Court of Appeal "remanded the case for a determination of the truth of the prior conviction allegation and for imposition of the [California Penal Code] section 290.3 fine and

---

[2]    The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

related assessments" and affirmed Petitioner's conviction in all other respects. Lozano, 2016 WL 4709889, at *15.

On October 19, 2016, Petitioner filed a petition for review in the California Supreme Court. See Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2162276&doc_no=S237871&request_token=NiIwLSInLkg9WyBBSCJNUEhIIFg0UDxTICMuJz1TICAgCg%3D%3D (last updated Jan. 3, 2018, 12:12 PM). On December 14, 2016, the California Supreme Court denied the petition for review. Id.

## B. FEDERAL HABEAS PROCEEDINGS

On September 26, 2017, Petitioner constructively filed[3] the Petition challenging his 2015 conviction and sentence. Dkt. 1. The Petition sets forth ten grounds for habeas relief:

(1) Ground One: Ineffective assistance of appellate counsel "for Failing to Investigate and Raise Five Crucial additional Grounds of Ineffective Assistance of Trial Counsel, and also Counsel on Appeal Failed to present Grounds of Prosecutorial Misconduct which denied Petitioner a Fair Trial. Appellate Counsel also Failed to raise Ground of Abuse of Trial Courts discretion in Denying proffer";

(2) Ground Two: Ineffective assistance of trial counsel "for failing to investigate crucial issues of victims Mental history and victims criminal acts for impeachment purposes crucial to the Defense. Not to present Petitioners Roommates as Witnesses for the Defense to prove she never screamed as she claimed and further failed to request Mistrial when Prosecutor committed Misconduct and Trial

---

[3] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

Counsel coerced Petitioner not to testify in his own behalf.  In a He said She said case";

       (3) <u>Ground Three</u>: Prosecutorial misconduct, improper vouching, and misstating the evidence;

       (4) <u>Ground Four</u>: "Abuse of Trial Courts Discretion During Motion For A New Trial";

       (5) <u>Ground Five</u>: Denial of right to present a defense "when the Trial Court refused to allow the Defense to present Expert Witness testimony";

       (6) <u>Ground Six</u>: Ineffective assistance of trial counsel "in his attempt to present the Expert Testimony of Dr. Eisen";

       (7) <u>Ground Seven</u>: Ineffective assistance of trial counsel for failure to "have requested an instruction on accident and argued it to the jury";

       (8) <u>Ground Eight</u>: Insufficient evidence of "more than one penetration";

       (9) <u>Ground Nine</u>: Insufficient evidence to support Count 1; and

       (10) <u>Ground Ten</u>: Cumulative error.

<u>See</u> <u>id.</u>  Petitioner acknowledges Claims One through Four are unexhausted.  <u>See</u> <u>id.</u> at 20.

On November 9, 2017, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed due to Petitioner's failure to (1) exhaust state remedies; and (2) name a proper respondent.  Dkt. 5, OSC.

On November 22, 2017, Petitioner constructively filed a response naming a proper respondent and requesting a <u>Rhines</u> stay.  Dkt. 9 ("Response").  Petitioner argues there is good cause for the <u>Rhines</u> stay due to ineffective assistance of counsel on appeal.  <u>Id.</u>

///

4

## III.

## DISCUSSION

### A.    APPLICABLE LAW

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, the exhaustion requirement generally means the petitioner must have fairly presented his claims in a petition to the California Supreme Court.  See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Pursuant to Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to present his unexhausted claims to state courts.  Rhines, 544 U.S. at 276.  This "stay and abeyance" procedure is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Id. at 277-78.  The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable

5

excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

**B.     ANALYSIS**

Here, as Petitioner concedes, Claims One through Four are unexhausted. Dkt. 1, Pet. at 20.  Petitioner argues his counsel's failure to raise Claims One through Four provides good cause his failure to exhaust.  Dkt. 9.  The Court finds Petitioner has failed to set forth a reasonable excuse, supported by sufficient evidence, to justify his failure to exhaust his unexhausted claims in state court.

First, while ineffective assistance "by post-conviction counsel can be good cause for a Rhines stay," a bare allegation of state postconviction ineffective assistance of counsel is insufficient.  Blake, 745 F.3d at 983.  Here, Petitioner merely makes a bare allegation of ineffective assistance of counsel on appeal without evidence to support the excuse.  See Dkt. 9 at 4.

Second, Petitioner has not explained why he was unable to present Claims One through Four to the California state courts before filing his Petition in this Court.  See Frluckaj v. Small, No. EDCV 08-1019-MMM (E), 2009 WL 393776, at *5-6 (C.D. Cal. Feb. 17, 2009) (finding where petitioner was aware of a particular claim and could have presented it to California state courts before filing federal habeas petition, petitioner had not shown either "cause" or "good cause" to satisfy Rhines).  Petitioner's Response does not mention any attempts to file state habeas petitions after the California Supreme Court's denial of his petition for review on December 14, 2016.  See Dkt. 9.  Moreover, the Court's review of the California Courts' website reveals Petitioner did not file any habeas petitions in the California Court of Appeal or Supreme Court seeking collateral review after the denial of his petition for review.  Therefore, Petitioner has failed to justify his failure to make any effort for over a year to exhaust his claims in state court.

The Court thus finds Petitioner has not shown "good cause" for a stay under Rhines.[4]  See Rhines, 544 U.S. at 276.

## IV.

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED that Petitioner's request for stay and abeyance pursuant Rhines is DENIED.

Dated: January 10, 2018

_David O. Carter_

HONORABLE DAVID O. CARTER
United States District Judge

Presented by:

_Kenly Kato_

KENLY KIYA KATO
United States Magistrate Judge

---

[4] In his Response, Petitioner has not requested a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Kelly stay"), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  See Dkt. 9.  The Court will issue a separate order requiring Petitioner to address the fact that the Petition remains a mixed petition containing both exhausted and unexhausted claims.  Petitioner will have an opportunity to request a Kelly stay at that time.