UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-8091-DOC (KK)** | Date: | January 16, 2018 |
| Title: | *John Vincent Lozano v. On Habeas Corpus* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed For Failure To Exhaust

## I.
## INTRODUCTION

On September 26, 2017, Petitioner John Vincent Lozano ("Petitioner"), an inmate at Valley State Prison, proceeding pro se, constructively filed[1] a Petition pursuant to 28 U.S.C. § 2254 ("Petition"). See ECF Docket No. ("Dkt.") 1, Petition. Petitioner challenges his 2015 convictions in the Los Angeles County Superior Court for sodomy by force and sodomy by anesthesia. Id. at 2. The Petition sets forth ten grounds for habeas relief:

> (1) Ground One: Ineffective assistance of appellate counsel "for Failing to Investigate and Raise Five Crucial additional Grounds of Ineffective Assistance of Trial Counsel, and also Counsel on Appeal Failed to present Grounds of Prosecutorial Misconduct which denied Petitioner a Fair Trial. Appellate Counsel also Failed to raise Ground of Abuse of Trial Courts discretion in Denying proffer";

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

(2) Ground Two: Ineffective assistance of trial counsel "for failing to investigate crucial issues of victims Mental history and victims criminal acts for impeachment purposes crucial to the Defense. Not to present Petitioner[']s Roommates as Witnesses for the Defense to prove she never screamed as she claimed and further failed to request Mistrial when Prosecutor committed Misconduct and Trial Counsel coerced Petitioner not to testify in his own behalf. In a He said She said case";

(3) Ground Three: Prosecutorial misconduct, improper vouching, and misstating the evidence;

(4) Ground Four: "Abuse of Trial Courts Discretion During Motion For A New Trial";

(5) Ground Five: Denial of right to present a defense "when the Trial Court refused to allow the Defense to present Expert Witness testimony";

(6) Ground Six: Ineffective assistance of trial counsel "in his attempt to present the Expert Testimony of Dr. Eisen";

(7) Ground Seven: Ineffective assistance of trial counsel for failure to "have requested an instruction on accident and argued it to the jury";

(8) Ground Eight: Insufficient evidence of "more than one penetration";

(9) Ground Nine: Insufficient evidence to support Count 1; and

(10) Ground Ten: Cumulative error.

See id. at 5-18. Petitioner acknowledges Claims One through Four are unexhausted. See id. at 20.

On December 15, 2017, Petitioner requested a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines stay"). Dkt. 9. On January 10, 2018, the Court denied Petitioner's request for a Rhines stay. Dkt. 14. Therefore, the Petition appears subject to dismissal because Petitioner has not exhausted his state remedies with respect to Claims One through Four.

## II.
## THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, Petitioner concedes Claims One through Four have not been presented to the California Supreme Court. Pet. at 20. Therefore, it appears the California Supreme Court has not ruled on Claims One through Four, and thus those claims have not been exhausted. If this is correct, the Petition is a mixed petition and subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

### III.
### ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than February 7, 2018.** Petitioner must respond to this Order pursuant to one or more of the options listed below.

**Option 1 - Petitioner May Explain Claims One through Four are Exhausted:** If Petitioner contends he has in fact exhausted his state court remedies on Claims One through Four, he should clearly explain this in a written response to this Order. Petitioner should attach to his response copies of any documents establishing that Claims One through Four are indeed exhausted. Petitioner may also file a response, and include a notice that, if the Court still finds Claims One through Four to be unexhausted, he alternatively selects one of the other options discussed below.

**Option 2 - Petitioner May Voluntarily Dismiss Claims One through Four And Proceed Only On Exhausted Claims Five through Ten:** If Petitioner wishes to proceed on the exhausted Claims Five through Ten only, he may file a request to voluntarily dismiss Claims One through Four. The Court advises Petitioner that if he elects to proceed now with only his exhausted claims, any future habeas petitions containing Claims One through Four, or other claims that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

**Option 3 - Petitioner May Request A *Kelly* Stay:** Under Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. Id. at 1070-71. This is called a "Kelly stay." Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (citation omitted).

Petitioner may file a motion for a Kelly stay and follow the three-step procedure above. First, Petitioner must file a proposed notice voluntarily dismissing Claims One through Four along with a motion expressly requesting a Kelly stay. See id. at 1135. The Court will then stay and hold in abeyance the fully exhausted Petition containing only the exhausted Claims Five through Ten and allow Petitioner the opportunity to exhaust the deleted Claims One through Four in state court. See id.

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice as a mixed petition and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**